**From: The District Court of the 18th Judicial District.
County of Gallatin.**

**STATE OF MONTANA,**
    **Plaintiff,**                            **CAUSE NO.  DC-06-342C**
**vs.**                                        **DECISION**
**FORREST BODE,**
    **Defendant,**

On July 12, 2007, the defendant was sentenced to the following: Count I: One hundred (100) years in the Montana State Prison, for the offense of Attempted Sexual Assault, a felony; and Count III: One hundred (100) years in the Montana State Prison, for the offense of Sexual Intercourse Without Consent, a felony. Count III shall run concurrently with Count I and with Cause Nos. DC-06-229AXC and DC-07-121C. The Defendant is ineligible for parole for forty (40) years. The Defendant shall successfully complete Phases I and II of the Sex Offender Treatment Program prior to being eligible for parole.

On November 12, 2009, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Kara Docherty. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

The majority of the Division finds that the reasons advanced for modification are sufficient to hold that the sentence imposed by the District Court is excessive. The 100 year sentence imposed with a parole restriction of forty years has the same net effect as a 160 year sentence with no parole restriction. This would be excessive considering the memo that was provided by the sentencing court which indicated that the greatest sentence that was imposed for a similar offense in that jurisdiction was 60 years to the Montana State Prison.

Therefore, it is the majority decision of the Sentence Review Division that the sentence shall be affirmed and the terms and conditions shall remain as imposed in the Judgment of July 12, 2007. The parole restriction of forty (40) years shall be removed.

Done in open Court this 12th day of November, 2009.

DATED this 25th day of November, 2009.

Chairperson, Hon. Stewart Stadler and Member, Hon. Richard Simonton

The Hon. Blair Jones dissents.

I respectfully dissent from my colleagues' determination that the sentences imposed by the District Court were clearly excessive. Defendant Forrest Bode was sentenced by the District Court in three separate cause numbers for the following offenses:

1)Attempted Sexual Assault;

2)Sexual Intercourse Without Consent;

3)Sexual Assault;

4)Sexual Assault; and

5)Aggravated Assault.

In total, Bode was sentenced to serve 100 years in the Montana State Prison and declared ineligible for parole for a period of 40 years. Bode's crimes involved a high degree of violence, including home invasion in the commission of a rape. It appears that three of Bode's victims were minors at the time they were victimized. Because of the viciousness of the attack, the victim of the aggravated assault

perpetrated by Bode will likely suffer for life with deformity in the form of facial asymmetry regardless of corrective surgery.

Additionally, a psycho-sexual evaluation of Bode revealed that he is a high risk to reoffend in a violent manner. The significant sentence of the District Court is clearly warranted to protect the community from a repeat performance of the violence Bode has already displayed. While uniformity of sentencing is a consideration for a sentencing court, it should never preclude the imposition of appropriately severe sentences necessitated by especially heinous criminal conduct. For the rest of their lives, Bode's victims will suffer physical and psychological trauma from Bode's violent acts. By its sentence, the District Court sought to prevent Bode from ever having an opportunity to visit such horror on future innocent victims. Judge John Brown sentenced this defendant appropriately and I would affirm in all respects.

Member, Hon. Blair Jones